

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-77,047

**KENNETH WAYNE THOMAS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CAUSE NO. F86-85539-M IN THE 194TH DISTRICT COURT DALLAS COUNTY

YEARY, J., filed a dissenting opinion in which KELLER, P.J., and KEASLER and KEEL, JJ., joined.

### DISSENTING OPINION

Finding no reversible error in any of Appellant's points of error in this case, I join Presiding Judge Keller's dissenting opinion.

The Court purports to reverse Appellant's conviction based upon his point of error number thirty-one. There, Appellant generally rails against this Court's holding in *Ex parte Briseno*, 135 S.W.3d 1 (Tex. Crim. App. 2004), but he does not tie his complaints to any particular action or ruling on the part of the trial court which he identifies as erroneous. The

point of error is, therefore, inadequately briefed. TEX. R. APP. P. 38.1(I). The Court today converts that point of error into something it does not remotely resemble—a complaint about expert testimony. Even if that were truly the gist of Appellant's thirty-first point of error, Appellant neither made such an objection at trial, nor does he argue on appeal why he need not have made such an objection at trial in order to raise the issue on appeal. For the reasons Presiding Judge Keller enumerates in her dissent, the Court grievously errs.

Even assuming that it would be appropriate for the Court to reach the issue it does in the guise of unassigned error, it would be incumbent on the Court to explain why no trial objection was required. *See Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) ("[E]rrors that are subject to procedural default may not be remedied by the appellate court as unassigned error unless the error was in fact preserved in the trial court."). The Court should either direct us to the place in the record where Appellant objected, or offer some justification for treating the error as immune from ordinary principles of procedural default. *Leza v. State*, 351 S.W.3d 344, 358 (Tex. Crim. App. 2011). And, as Presiding Judge Keller observes, it should not reverse without conducting an analysis for harm.


FILED:            December 5, 2018
DO NOT PUBLISH